J-S13034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS L. BOWEN | : | |
| | : | |
| Appellant | : | No. 1066 WDA 2015 |

Appeal from the Order June 29, 2015
in the Court of Common Pleas of Venango County Criminal Division
at No(s): CP-61-CR-0000866-1997

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED APRIL 29, 2016**

Appellant, Nicholas L. Bowen, appeals from the order entered in the Venango County Court of Common Pleas denying his motion to appeal *nunc pro tunc* from the dismissal of his fifth Post Conviction Relief Act[1] ("PCRA") petition. Although Appellant presented an argument pursuant to **_Miller v. Alabama_**, 132 S. Ct. 2455 (2012) in his **fifth** PCRA petition, the instant case solely concerns the PCRA court's dismissal of Appellant's bid to have his appellate rights reinstated *nunc pro tunc*, in what must be considered a **sixth** PCRA petition. We are constrained to affirm the PCRA court's dismissal of Appellant's sixth PCRA petition as untimely.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

We glean the pertinent and complex history from the record. On September 30, 1998, Appellant pleaded guilty to murder of the first degree and was immediately sentenced to life imprisonment without parole. Appellant was seventeen years of age when he raped and killed a four-year-old girl. Appellant did not pursue a direct appeal, and his judgment of sentence became final on October 30, 1998. Appellant filed a timely PCRA petition, which the PCRA court denied, and this Court affirmed. *Commonwealth v. Bowen*, 348 WDA 2001 (Pa. Super. August 4, 2003) (unpublished judgment order). Appellant proceeded to file two additional PCRA petitions, in June 2006 and July 2010, both of which the trial court dismissed as untimely and this Court affirmed the dual dismissal. *Commonwealth v. Bowen,* 1843 WDA 2011 (Pa. Super. May 18, 2012) (unpublished memorandum).[2]

Appellant filed a fifth PCRA petition *pro se* on July 16, 2012. On August 23, 2012, he filed a motion to amend his petition. The sole issue raised in his amended petition was "whether the sentencing order is illegal since it mandates a life sentence without parole to juvenile convicted of first degree murder." PCRA Ct. Op., 6/29/15, at 3. Specifically, Appellant

---

[2] We note that in May 2011, Appellant also filed a "Petition for Writ of Mandamus and/or Extraordinary Relief," which was denied by the PCRA court. This Court affirmed the denial, holding that Appellant's filing constituted yet another untimely PCRA petition. *Commonwealth v. Bowen,* 504 WDA 2012 (Pa. Super. Nov. 5, 2012) (unpublished memorandum).

claimed that his petition was timely filed in light of the United States Supreme Court's decision in **Miller**.

Clyde Middleton, Esq., entered his appearance on Appellant's behalf on February 20, 2013. Shortly thereafter, on February 26, 2013, the PCRA court continued Appellant's hearing on his amended petition pending the outcome of **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). **Cunningham** was issued on October 30, 2013, and held **Miller** did not apply retroactively to cases such as Appellant's. Accordingly, two weeks later on November 13, 2013, the PCRA court issued a notice of intent to dismiss Appellant's petition. **See** Pa.R.Crim.P. 907. Appellant did not file a response to the court's Rule 907 notice, and the court dismissed Appellant's fifth PCRA petition on December 9, 2013.

Appellant did not appeal the PCRA court's December 9, 2013 order, but over ten months later, on November 6, 2014, he filed a *pro se* motion to vacate the order, and reinstate his appellate rights *nunc pro nunc* ("Motion")*.* In his Motion, Appellant claimed that Attorney Middleton had abandoned him[3] and that he had only learned of the PCRA court's December 9, 2013 dismissal of his fifth PCRA petition on October 23, 2014, when his federal counsel informed him. On February 17, 2015, Appellant filed another

---

[3] The PCRA court acknowledged that Attorney Middleton has had ongoing criminal issues, being arraigned and released on his own recognizance on January 23, 2015. PCRA Ct. Op. at 2.

motion, to "Expedite Consideration of Motion to Reinstate Nunc Pro Tunc." Appellant also filed a motion for the appointment of new counsel.

On June 29, 2015, the PCRA court issued an opinion and order denying Appellant's Motion. The court also ordered Attorney Middleton to withdraw as counsel of record, in order to permit Appellant to proceed *pro se.*[4] The court specifically found Appellant's Motion to be patently untimely. Further, the court determined that Appellant had not exercised due diligence, regardless of the performance of his counsel, as it took Appellant over ten months to discover that his fifth PCRA petition had been dismissed. In addition, the court noted Appellant's sole issue on appeal was of no moment because **Cunningham** specifically provided that the constitutional protections set forth in **Miller** would not apply retroactively. Appellant filed a timely notice of appeal.

On January 25, 2016, during the pendency of this appeal, the United States Supreme Court decided **Montgomery v. Louisianna**, 136 S. Ct. 718 (2016), and held that **Miller** does apply retroactively. **See Montgomery**, 136 S. Ct. at 734. Furthermore, in **Commonwealth v. Secreti**, __ A.3d __, 2016 WL 513341 (Pa. Super. Feb. 9, 2016), this Court specifically held that **Montgomery** renders **Miller** retroactive "effective as of the date of the **Miller** decision." **Secreti**, ____ A.3d at ___, 2016 WL 513341 at *5.

---

[4] Appellant is represented, for purposes of the instant appeal, by Matthew C. Parson, Esq.

In his instant appeal, Appellant raises a single issue for our review:

Whether the [PCRA] court abused its discretion or erred as a matter of law in denying [Appellant's] motion for an appeal *nunc pro tunc*.

Appellant's Brief at 5.

Appellant argues that his prior PCRA counsel was ineffective for failing to file an appeal from the dismissal of his fifth PCRA petition. Therefore, he contends that the PCRA court erred by dismissing his Motion and failing to restore his appellate rights *nunc pro tunc*. We do not agree.

As a prefatory matter, we note that "all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA." *Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. 2002). Moreover, we note that a petition seeking restoration of PCRA appellate rights *nunc pro tunc* must be treated as a subsequent PCRA petition. *Id.*

When reviewing an order dismissing a PCRA petition, we consider "whether the determination of the PCRA court is supported by evidence of record and is free of legal error." *Commonwealth v. Brandon*, 51 A.3d 231, 233 (Pa. Super. 2012) (citation omitted). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Jurisdiction does not exist if the PCRA petition is untimely. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267-68 (Pa. 2008).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted). The PCRA petitioner has the burden of alleging and proving that one of the three timeliness exceptions applies. *Abu-Jamal*, 941 A.2d at 1268. The three timeliness exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States of the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

"It is now well settled that there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008). Further, a mere claim that counsel was ineffective for failing to file an appeal, **without a showing of due diligence on the part of the**

**petitioner**, will not save an untimely PCRA petition. ***Commonwealth v. Carr***, 768 A.2d 1164, 1167-68 (Pa. Super. 2001).

In ***Carr***, this Court held that "absent assertions of due diligence, the mere discovery of trial counsel's failure to file a direct appeal, after the one-year window to file a PCRA petition, [did] not place [the petitioner] under subsection 9545(b)(1)(ii)." ***Id.*** at 1168. We emphasized that the petitioner in that case could have discovered his counsel's lack of action by a mere phone call to the clerk of courts. ***Id.*** Accordingly, the ***Carr*** Court affirmed the dismissal of the petitioner's untimely PCRA petition. ***Id.***

Conversely, in ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007), the Pennsylvania Supreme Court held that attorney abandonment may constitute a factual basis for a timeliness exception under subsection 9545(b)(1)(ii). However, the Court's grant of relief in ***Bennett*** was largely based upon what it determined to be the petitioner's due diligence under the circumstances of that case. The Court explained that a petitioner bears the burden of establishing "that the [after-discovered] facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" ***Id.*** at 1274. In particular, the ***Bennett*** Court noted that the petitioner had provided a description of the steps he took to ascertain the status of his case, including writing to both the PCRA court and the Superior Court. ***Id.***

In the case *sub judice*, Appellant's Motion must be treated as yet another PCRA petition. ***See Fairiror***, 809 A.2d at 397. Therefore, because

Appellant filed his Motion well over a year after his judgment of sentence became final, the Motion was facially untimely.

Appellant asserts that his Motion was timely pursuant to subsection 9545(b)(1)(ii), because Attorney Middleton effectively abandoned him by failing to file an appeal of the dismissal of his fifth PCRA petition, a fact he claims he only became aware of less then sixty days before he filed his Motion. In support of this contention, Appellant provides only a citation to **Bennett**. Motion at 2. However, Appellant did not attempt to plead or prove any efforts on his part that would constitute due diligence. **Compare Bennett**, 930 A.2d at 1272, 1274, **with Carr**, 768 A.2d at 1168. Accordingly, Appellant's contention that his Motion falls under the timeliness exception set forth under subsection 9545(b)(1)(ii) must fail.

Therefore, as Appellant's Motion, effectively a sixth PCRA petition, is untimely filed and no exception to the PCRA time-bar applies, the PCRA court lacked jurisdiction to reinstate Appellant's PCRA appellate rights *nunc pro tunc* and its dismissal of the Motion was proper. **See Fairiror**, 809 A.2d at 398. Accordingly, we are bound to affirm the dismissal of Appellant's sixth, untimely, PCRA petition.

We note that **Secreti** holds that this Court may remand for resentencing during the pendency of an appeal stemming from a **Miller** claim. However, **Secreti** is inapposite under the peculiar procedural posture of this case. Here, Appellant is solely seeking the *nunc pro tunc*

restoration of his appellate rights regarding his fifth PCRA petition. The application of **Montgomery** and **Miller** is not instantly at issue. Therefore, we affirm the PCRA court's dismissal of Appellant's sixth, untimely, PCRA petition without prejudice to Appellant's right to file a subsequent petition, pursuant to **Montgomery** within sixty days of the final disposition of this matter. **See Commonwealth v. Lark**, 746 A.2d 585, 588. (Pa. 2000) (holding that subsequent PCRA petitions must be filed within sixty days of a final order disposing of a previous PCRA petition).

Order affirmed.

Lazarus, J. joins this Memorandum.

Stabile, J. Concurs in the Result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016